ROY H. GREGORY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gregory v. Commissioner
Docket No. 3916-83.
United States Tax Court
T.C. Memo 1985-62; 1985 Tax Ct. Memo LEXIS 568; 49 T.C.M. (CCH) 725; T.C.M. (RIA) 85062; February 12, 1985. Roy H. Gregory, pro se. Edward D. Fickess, for the respondent. GOFFE
*725 MEMORANDUM OPINION COFFE, Judge: The Commissioner determined deficiencies in petitioner's Federal income tax and additions to tax as follows: *726 Addition to Tax
Year
Deficiency
Sec. 6653(b) [1]
1980
$7,007.11
$3,503.55
1981
9,220.00
4,610.00
This matter is before the Court on respondent's Motion for Summary *569 Judgment which was made pursuant to Rule 121. The only issue for decision is whether petitioner is liable for the additions to tax determined to be due by the Commissioner. All of the facts have been stipulated. The stipulation of facts and accompanying exhibits are incorporated herein by reference. Petitioner resided in Fulton, New York, when he filed his petition. In an order dated May 16, 1983, we granted respondent's Motion to Dismiss [Petitioner's Petition] for Failure to State a Claim Upon Which Relief Can Be Granted with respect to the income tax deficiencies determined by the Commissioner but denied it concerning the additions to tax. During the taxable years 1980 and 1981, petitioner was employed as a production worker by Miller Brewing Company (Miller) at Miller's Fulton, New York, plant. Petitioner received wages as remuneration for his services to Miller during the taxable years in issue. *3 On or about August 13, 1980, March 14, 1981, and November 1, 1981, petitioner filed Forms W-4, Employee's Withholding Allowance Certificate, with his employer, Miller, on which he claimed to be exempt from Federal income tax withholding. In response to numerous *570 inquiries by Internal Revenue Service personnel concerning whether petitioner filed Federal income tax returns for the taxable years 1980 and 1981, petitioner challenged the Internal Revenue Service's authority to collect Federal income tax from him and reiterated several stale "tax protester" notions. Further, on several occasions, petitioner, either in person or through written correspondence, engaged in affirmative efforts to harass, confront, thwart or intimidate Internal Revenue Service personnel in the performance of their authorized duties by reiterating spurious "tax protester" claims and threatening Internal Revenue Service personnel with frivolous civil claims. For the taxable years 1977, 1978 and 1979, petitioner prepared, signed and filed Federal income tax returns on his own behalf. On these tax returns, petitioner correctly reported wages received from Miller as taxable income. Petitioner has not filed a Federal income tax return for either of the taxable years 1980 or 1981. The Commissioner determined that petitioner received taxable wages from Miller during the taxable years 1980 and 1981 in the amounts of $25,220.65 and $29,973.26, respectively. The *4 *571 Commissioner also determined that petitioner's underpayment of his taxes for the taxable years 1980 and 1981 was the result of fraud and also determined that the imposition of additions to tax in the amount of $3,503.55 and $4,610 pursuant to section 6653(b) was warranted. The only issue for decision is whether petitioner is liable for the additions to tax under section 6653(b) for fraud. The burden of proving fraud is on respondent, and he must do so by clear and convincing evidence. Rule 142(b); sec. 7454(a); . This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead or otherwise prevent the collection of taxes and that there is an underpayment of tax. , cert. denied ; ; . When fraud is asserted, as in the instant case, for more than one taxable year, respondent must show that some part of the underpayment *572 was due to fraud for each taxable year for the corresponding addition to tax to be upheld. ; . The existence of fraud is a question of fact to be resolved upon consideration of the entire record. ; , affd. without published opinion . Fraud will never be presumed. . Since fraud can seldom be established by direct proof, the requisite intent may be inferred from a showing by respondent that petitioner's conduct was intended to conceal, mislead or otherwise prevent the collection of taxes that petitioner knew or believed he owed. ;Since respondent's assertion of fraud requires an inquiry into the taxpayer's frame of mind, a single act or omission seldom demonstrates the necessary fraudulent *573 intent. Rather, the existence of the requisite fraudulent intent must generally be determined by surveying a taxpayer's entire course of conduct. ; . Respondent has affirmatively shown various indicia of fraud. Petitioner substantially understated his taxable income for the taxable years 1980 and 1981 and made no effort to disclose it. Petitioner did not file Federal income tax returns for either taxable years 1980 and 1981. While the failure to file tax returns, even over an extended period of time, does not per se establish fraud, , the failure to file returns is persuasive circumstantial evidence of fraud. ; see also . Further, when petitioner's failure to file returns for the taxable years 1980 and 1981 is viewed in light of his previous filing of Federal income tax returns for the taxable years 1977, 1978 and 1979, which correctly reported *574 the receipt of taxable wages from the same employer, petitioner's inaction weighs heavily against him. Petitioner also filed false W-4 Forms to stop the withholding of Federal income taxes from his wages. Such activities are indicative of an attempt to evade the payment of income taxes. ; . Where a taxpayer's failure to file is predicated on totally frivolous arguments and where respondent has shown substantial amounts of unreported income on which withholding has been prevented by the submission of false W-4 certificates, we have repeatedly held that fraud has been established by clear and convincing evidence justifying the addition to tax under section 6653(b). See, e.g., ; see also ; , on appeal (6th Cir., June 7, 1983); . *7 We reach the same conclusion in this case. Accordingly, *575 the Commissioner's determinations that the imposition of additions to tax under section 6653(b) is warranted are sustained. In closing, petitioner's frivolous "protester" contentions are burdensome both on this Court and to society as a whole. . We direct petitioner's attention to our lengthy discourse in Abrams concerning our increasing intolerance to "protest" proceedings similar to the instant case. Should petitioner institute or maintain any future proceedings before this Court in contravention of the provisions of section 6673, [2] we will not hesitate to award the maximum amount of damages, even upon our own motion.
*576 An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue and all rule references are to this Court's Rules of Practice and Procedure.↩
2. SEC. 6673 DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩